IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **JIMMY BULLOCK** | § | **PLAINTIFF** |
| | § | |
| **V.** | § | **Civil Action No. 1:04-CV-835LG-RHW** |
| | § | |
| **AIU INSURANCE COMPANY, ET AL.** | § | **DEFENDANTS** |

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

THIS MATTER COMES BEFORE THE COURT upon the Motion of the Defendants, AIU Insurance Company, Gottfried Corporation and AIG Claims Services, Inc., for Summary Judgment. Having considered the pleadings on file, the briefs and arguments of counsel, and relevant legal authorities, it is the opinion of the Court that Plaintiff's bad faith claim is time-barred pursuant to MISS. CODE ANN. § 15-1-49.

### FACTS AND PROCEDURAL HISTORY

Plaintiff, Jimmy Bullock, was hired by Gottfried Corporation to perform work at the Stennis Space Center in Hancock County, Mississippi. In November of 1996, Bullock was injured on the job. A dispute arose concerning whether Bullock was covered under Gottfried's workers' compensation policy with AIU. Consequently, on January 9, 1997, Bullock filed a petition to controvert before the Mississippi Workers' Compensation Commission. Bullock received nothing until October 12, 1999, when an Administrative Law Judge ruled that Bullock was entitled to benefits under Gottfried's workers' compensation policy. No one appealed the ALJ's ruling. Thereafter Bullock began receiving workers' compensation benefits. He was

also paid accrued benefits from the date of injury until the ALJ determination of workers' compensation eligibility. Bullock's workers' compensation case was closed on May 25, 2004, when an order approving a commuted lump-sum settlement was entered by the Mississippi Workers' Compensation Commission. On August 26, 2004, Bullock filed a civil complaint against Gottfried and AIU in the Circuit Court of Hancock County, Mississippi, asserting a bad faith claim for refusal of his employer to provide workers' compensation benefits. The matter was removed to this Court on November 18, 2004.

## DISCUSSION

FED. R. CIV. P. 56 permits any party to a civil action to move for a summary judgment upon a claim, counterclaim, or cross-claim as to which there is no genuine issue of material fact and upon which the moving party is entitled to prevail as a matter of law. In effect, Rule 56(c) provides that as a matter of law, upon admitted or established facts, the moving party is entitled to prevail. A party seeking summary judgment bears the initial burden of identifying those portions of the pleadings and discovery on file, together with any affidavits, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). Once the movant carries its burden, the burden shifts to the non-movant to show that summary judgment should not be granted. *Id.* at 324-25, 106 S.Ct. at 253-54. The non-moving party may not rest upon mere allegations or denials in its pleadings, but must set forth specific facts showing the existence of a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256-57, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986).

While the Mississippi Workers' Compensation Act "bars an employee's common law

tort action against his employer's insurance carrier based on a negligent failure to pay workers' compensation benefits," *Whitehead v. Zurich Am. Ins. Co.*, 348 F.3d 478, 481 (5th Cir. 2003) (citation omitted), it permits employees to commence an action against the carrier "'for the commission of an intentional tort' independent of the compensable injury." *Whitehead*, 348 F.3d at 481, *citing S. Farm Bureau Cas. Ins. v. Holland,* 469 So.2d 55, 59 (Miss.1984); *see also Shepherd v. Boston Old Colony Ins. Co.*, 811 F.Supp. 225 (S.D. Miss. 1992). "In particular, the employee can sue the carrier for bad faith refusal to pay benefits owed because such a claim arises not from the work-related injury but from an independent act that is not compensable under the Workers' Compensation Act." *Whitehead*, at 481, *citing Holland*, 469 So.2d at 58-59. "[A] prerequisite to the award of punitive damages [for bad faith refusal to provide workers' compensation benefits] is the determination that the plaintiff is entitled to contractual damages." *Dial v. Hartford Accident and Indem. Co.,* 863 F.2d 15, 16 (5th Cir. 1989), *quoting McCain v. Nw. Nat'l Ins. Co.*, 484 So.2d 1001, 1002 (Miss. 1986) (other citation omitted). In other words, for Bullock to prevail in his bad faith action, he must first establish through the administrative process that he is entitled to workers' compensation benefits. *Walls v. Franklin Corp.,* 797 So.2d 973 (Miss. 2001). Under Mississippi law, such a determination lies within the exclusive jurisdiction of the Mississippi Workers' Compensation Commission. MISS. CODE ANN. § 71-3-47.

The question before the Court is: When did the statute of limitations on Bullock's bad faith claim begin to run? Defendants argue that it began to run on the date Bullock was first denied benefits. Alternatively, Defendants argue that the statute of limitations began to run after the ALJ determined that Bullock was eligible for workers' compensation benefits. In

response, Plaintiff contends that the statute of limitations did not begin to run until May 25, 2004, when an order approving a commuted lump-sum settlement was entered by the Mississippi Workers' Compensation Commission and the file was closed.  Plaintiff argues that prior court rulings prevent the filing of a bad faith claim for refusal to pay workers' compensation benefits until the plaintiff has "exhausted his administrative remedies."  *See, e.g., Whitehead*, at 481 ("The Mississippi Supreme Court, however, has required the exhaustion of the administrative remedial process before an intentional tort claim against a carrier can be brought."); *Dial*, 863 F.2d at 16 ("Dial must exhaust the administrative remedy provided and establish his entitlement to workers' compensation benefits in that process prior to commencing a court action for tort damages for the same failure to pay his claim."); *Butler v. Nationwide Mut. Ins. Co.*, 712 F.Supp. 528, 530 (S.D. Miss. 1989) ("a bad faith action should not proceed prior to a final adjudication of the underlying workers' compensation claim in accordance with the administrative procedures provided by the Mississippi Workers' Compensation Act.")  According to Plaintiff, "exhaustion of administrative remedies" means that the workers' compensation process must be concluded before a claim of bad faith may be brought against the employer.  Thus, Plaintiff argues that his complaint is timely since the three year statute of limitations did not begin to run until May 25, 2004.

It is undisputed that the Plaintiff's entitlement to workers' compensation benefits was decided in his favor on October 12, 1999.  The ALJ issued the order and no appeal was taken.  Thus, the ALJ's determination that Bullock was eligible for benefits became a final order.  *See*

MISS CODE ANN. § 71-3-47;[1] *Staples v. Blue Cross and Blue Shield of Miss., Inc.*, 585 So.2d 747, 748 (Miss. 1991) ("It is well established that, if a petition for review of an ALJ's order is not filed within twenty days, further action is barred."). It is also undisputed that the gravamen of Plaintiff's bad faith claim is the failure of the Defendants to provide benefits prior to the ALJ's determination of eligibility. Bullock's complaint does not allege any actionable conduct on the part of Defendants after October 12, 1999.

    Bullock's argument is unpersuasive. Requiring *all* potential bad faith claimants to wait until their workers' compensation cases are finally concluded is not currently supported by Mississippi case law or statute. In the context of "exhaustion of administrative remedies" prior to the filing of a bad faith claim, the Mississippi Supreme Court has never equated exhaustion of remedies with exhaustion of the workers' compensation process. Instead, exhaustion occurs upon the final adjudication of the underlying workers' compensation issue that establishes the plaintiff's "entitlement to contractual damages." Indeed, there may be circumstances in which claimants must await final adjudication of their workers' compensation case before a disputed issue ripens into a cognizable bad faith case. In this case, however, the issue of Bullock's entitlement to workers' compensation benefits was "exhausted" when the

---

[1]Section 71-3-47 provides in part that:
> Informal conferences and hearings in contested cases may be conducted by a duly designated representative of the commission. Upon the conclusion of any such hearing, the commission's representative shall make or deny an award, and file the decision in the office of the commission. Immediately after such filing, a notice of decision shall be sent to all interested parties. *This decision shall be final unless within twenty (20) days a request or petition for review by the full commission is filed.*

MISS CODE ANN. § 71-3-47 (emphasis added).

Mississippi Workers' Compensation Commission conclusively determined through its administrative process that Bullock was entitled to the workers' compensation benefits that had been previously denied. Thus, the statute of limitations began to run on Bullock's bad faith claim on October 12, 1999. Because Bullock failed to file his complaint within three years of the ALJ's final order, his bad faith claim is time-barred pursuant to MISS. CODE ANN. § 15-1-49. Accordingly,

**IT IS ORDERED AND ADJUDGED** that the Defendants' Motion for Summary Judgment pursuant to FED. R. CIV. P. 56, filed on June 8, 2005, [20] should be, and is hereby **GRANTED.**

**SO ORDERED AND ADJUDGED** this the 27th day of April, 2006.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE